UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Georgia M. Toomer, | Civil Action No.: 5:06-2337-RBH |
| Plaintiff, | |
| vs. | |
| | **ORDER** |
| South Carolina Bank and Trust, | |
| Defendant. | |

This is an action brought pursuant to 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e, *et seq*. alleging failure to promote based on race, constructive discharge, and retaliation. Plaintiff also alleges common law breach of contract.

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. §636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

In conducting its review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

1

**Report and Recommendation**

In his Report and Recommendation filed on October 30, 2007, the Magistrate Judge recommends that the defendant's motion for summary judgment be granted. The plaintiff filed objections to the Report on November 12, 2007. Defendant filed a Response to the Objections on November 20, 2007.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail

2

under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted,[1] I find that there are no genuine issues of material fact precluding summary judgment.

### **Plaintiff's Objections**

At the outset, the Court notes that the plaintiff's objections do not appear to challenge the recommendation in the Report that the Title VII constructive discharge claim should be dismissed. Therefore, the defendant's motion for summary judgment is granted as to Plaintiff's Second Cause of Action.

In her objections, Plaintiff contends generally that the Magistrate Judge made erroneous statements concerning the facts of the case or construed the facts in favor of the defendant. The Court finds that the Magistrate Judge considered the evidence in a light most favorable to the plaintiff and that this argument lacks merit.

Plaintiff next contends that her retaliation claim should not be dismissed because "she did not know if the documents were falsified and the Human Affairs Complaint had already been filed and she was not aware of when the documents were written." (Objections, p. 7).

Without specific objection to the Magistrate Judge's reasoning, the Court will not discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

further review). The plaintiff's objection concerning the retaliation claim is not specific and it is difficult to glean her argument. If she is now attempting to argue that the warnings that she received for shortages of funds were falsified, this argument contradicts her deposition testimony that "I didn't say they falsified them". (Pl. Depo., p. 107). Moreover, Plaintiff admitted in her deposition that the warnings were not discriminatory but that all tellers were given warnings when there were shortages of funds. In addition, Plaintiff does not challenge the finding by the Magistrate Judge that Plaintiff failed to prove an adverse employment action. Accordingly, Defendant's motion for summary judgment is granted as to Plaintiff's Third Cause of Action for Retaliation under Section 1981.

Plaintiff next contends that her promotion claim under Section 1981 should withstand summary judgment since she asserts factual issues exist regarding "whether Mr. Maxwell intentionally kept the teller line shortage purposefully so that the Plaintiff would not be able to work or train on the FSR desk." She also contends that Mr. Maxwell did not require Ms. Crosby to work as a teller so that Plaintiff could be trained on the FSR desk. In effect, Plaintiff asserts that she has presented evidence of pretext. Defendant contends that this argument is being raised for the first time and that new matters raised in objections to a magistrate's report are deemed waived. Defendant also asserts that Plaintiff has not specifically argued in her objections that race was the reason that the plaintiff was not promoted to the position of FSR.

The Court agrees with the Magistrate Judge that Plaintiff has not shown evidence of discriminatory motive and that a reasonable fact finder could not infer that the employer's actions were motivated by racial animus.[2] *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 960 (4th Cir. 1996)("Evans's unsubstantiated allegations and bald assertions concerning her own

---

[2] Plaintiff admitted in her deposition that two other African-American employees were cross-trained in the FSR position. (Plaintiff's depo., p. 47-48).

4

qualifications and the shortcomings of her co-workers fail to disprove (employer's) explanation or show discrimination."). Therefore, defendant's motion for summary judgment is granted on the First Cause of Action under 42 U.S.C. § 1981.

Finally, Plaintiff asserts that factual issues exist as to her breach of contract claim, citing S.C. Code Section 41-1-110 regarding disclaimers in employee handbooks. Plaintiff appears to be relying on the equal employment opportunity language in the handbook which she alleges is promissory language. She relies upon case law holding that, where a handbook contains both promissory language and a conspicuous disclaimer, a factual issue exists regarding the existence of a contract. However, South Carolina courts have held that general policies of non-discrimination which do not contain "promises regarding disciplinary procedure or termination decisions" do not create contracts. *See Hessenthaler v. Tri-County Sister Help, Inc.*, 365 S.C. 101, 616 S.E.2d 694, 699 (1987). Additionally, the statute cited by Plaintiff regarding disclaimers refers to handbooks issued after June 30, 2004 and the record indicates that Plaintiff signed for the revised handbook on February 18, 2004. Therefore, the provisions of Section 41-1-110 requiring disclaimers to be in underlined capital letters on the first page does not apply. The Court grants the defendant's motion for summary judgment as to the plaintiff's Fourth Cause of Action for breach of contract.

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation of the Magistrate Judge, and **GRANTS** the defendant's [14] motion for summary judgment.

**AND IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Court Judge

March 17, 2008
Florence, South Carolina